## Wright's Estate.

*Life estate—Expenditures for preservation of estate—Trusts and trustees—Refund of deductions made from life tenant's income— Res judicata.*

The question as to the right of a life tenant to have refunded to him income retained by the trustee by virtue of an order of court to expend for the preservation of the estate, must be regarded as res judicata where the Supreme Court on a previous appeal modified the decree of the court so as to relieve the life tenant's income from further deductions, and held that the amount previously deducted need not be refunded out of the principal of the estate.

Argued Jan. 23, 1919.  Appeal, No. 209, Jan. T., 1919, by plaintiff, from decree of O. C. Philadelphia Co., July T., 1895, No. 104, dismissing petition for a citation in the case of Estate of John Wright, Deceased.  Before BROWN, C. J., STEWART, FRAZER, WALLING and SIMPSON, JJ.  Affirmed.

Petition of life tenant to the Orphans' Court for a further modification of the decrees of October 19, 1895, and July 3, 1897, authorizing trustee to deduct certain moneys from life tenant's income for expenditures for preservation of the estate.

The court dismissed the petition in the following opinion by GEST, J.  See 27 D. R. 1048.

The previous history of this case is fully stated in the opinion of the Supreme Court: Wright's Est., 234 Pa. 580, and therefore need not be here recited.

This is the petition of the life tenant setting forth that the sum of $6,355.24, mentioned in the opinion of the Supreme Court had been withheld from his income since May 9, 1910, and that the petitioner is advised that the court was without jurisdiction to incorporate in its decrees of October 19, 1895, and July 3, 1897, a provision that any part of his income should be withheld to reimburse the principal for the expenditures incurred by the trustee in the erection of new buildings, the reason alleged being that under the direction of the will the income of the petitioner as life tenant was to be paid to him "in such way and manner that the same shall not be liable for his debts, contracts or engagements in any way whatever."

The prayer of the petition is that the sum so withheld shall be now paid to the petitioner.

The decree of 1895 was entered at the express request of the petitioner and, in 1897, he submitted himself to the order of the court.  He acquiesced in both decrees until 1910, when on his petition it was finally determined by the Supreme Court that his income accruing

after May 9th, of that year, should be paid to him without further deduction. In his appeal to the Supreme Court, his counsel strenuously argued that the decrees of this court were invalid by reason of the above-quoted spendthrift trust provision of the will. The Supreme Court in view of the changed condition of the property held in terms "that while the $6,355.24 retained by the trustee need not now be refunded out of the principal of the estate, justice and equity require that the life tenant be granted relief to the extent indicated," evidently meaning that the $6,355.24 should be in principal until there should be such a material change in the circumstances of the case that would render it just and equitable to grant further relief to the life tenant. The Supreme Court added, "We are not called upon and it would serve no useful purpose to consider the other points urged before us by the appellant not raised in the court below."

We regard this question as res judicata. It should properly have been raised over twenty years ago in the inception of the proceedings; it was actually raised over six years ago before the Supreme Court and there brushed aside, and in our opinion cannot be raised again by this fresh petition.

The petition is dismissed.

Petitioner appealed.

*Error assigned,* among others, was the decree of the court.

*Henry K. Fox,* for appellant.

*A. H. Wintersteen,* for appellee.

PER CURIAM, February 17, 1919:

This appeal is dismissed, at appellant's costs, on the opinion of the learned court below dismissing his petition for a citation.